L. Craig Atkinson, ISB 8125
*craig@craigatkinsonlaw.com*
Dinko Hadzic, ISB 8220
*dinko@craigatkinsonlaw.com*
ATKINSON LAW OFFICE, PLLC
1087 W. River St., Suite 290
Boise, Idaho 83702
(208) 571-0627 (office)
(208) 898-8881 (facsimile)

Attorney for Leandru Stephens

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEANDRU STEPHENS,<br><br>Defendant. | Case No. 1:24-cr-00099-BLW<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Leandru Stephens respectfully submits this Memorandum, arguing that he should be sentenced to 60 months concurrent with any hold in State Case No. CR-FE-2015-1276. Such a sentence would provide appropriate punishment and, when followed by a term of supervised release, would sufficiently serve the goals of providing deterrence and adequate rehabilitation.

Background

Mr. Stephens had a rough start in life. Many of the underlying factors that led to this offense are traceable to these early and adolescent experiences that contributed to his drug

addiction. Overlooking these factors and focusing solely on the crime would result in misunderstanding Mr. Stephens's character and what Mr. Stephens represents to those who know him best.

Mr. Stephens is 57 years old. He lived in Boise, Idaho, since 2006. He was born in Riverside, California. He has been in a relationship with Karena Wissebeck for the last 20 years, and the couple has one child in common.

The oldest of four siblings, Mr. Stephens experienced severe neglect and emotional and physical abuse at the hands of his stepfather. His parents separated while he was too young to remember. At a very young age, Mr. Stephens experienced his stepfather physically abusing his mother and him. Mr. Stephens still bears the scars of being beaten by an extension cord and forced to sit in hot water afterward. Mr. Stephens had his ribs broken for not doing the dishes to his stepfather's satisfaction. Mr. Stephens was exposed to drugs and alcohol at an early age through his stepfather. He also witnessed his biological father physically abusing his girlfriends. Mr. Stephens went back and forth between the homes of his abusive stepfather and a neglectful father. He painfully remembers his biological father failing to show up for a custody hearing that he hoped would remove him from the stepfather's home. Mr. Stephens did not reunite with his father until 2009. Mr. Stephens's mother was a positive influence but was unable to protect him from the wrath of his stepfather. Mr. Stephens describes his mother as a Christian woman who worked hard and stayed away from drugs and alcohol, referring to her as "the life of his story." Mr. Stephens was forced to enter the foster care system at the age of 12, where he remained until the age of 18.

Mr. Stephens suffers from several health conditions. He was diagnosed with congestive heart failure, chronic kidney disease, and prostate cancer. He has recently experienced lymph

node swelling and lump growth and is still waiting to see a cancer specialist. He also suffers from seizures, sleep apnea, and narcolepsy.

In addition, Mr. Stephens needs mental health counseling related to depression and post-traumatic stress disorder, which he was diagnosed with in 2002.

Mr. Stephens's family has a history of drug addiction, including his stepfather and brother. Mr. Stephens has a long history of sporadic marijuana use. He began using marijuana daily in his 40s to deal with pain resulting from failing health. He started using methamphetamine in his 40s. The current crime is related to a series of deaths in Mr. Stephens's family and his health-related issues that resulted in a relapse. Mr. Stephens experienced a succession of deaths in 2022, losing two uncles, a cousin, and a nephew. He lost his mother, who was the "glue to the family" in 2021. Mr. Stephens has received some substance abuse related classes through the Idaho Department of Correction. From January 2024 until his arrest in April 2024, Mr. Stephens was attending treatment through Access Behavioral Health Services in Nampa, Idaho. He did this on his initiative to address trauma and its impact on his addictive behaviors. Despite the relapse, Mr. Stephens has demonstrated the ability to maintain sobriety for extended periods and the willingness to seek help and utilize the tools given to maintain sobriety. Mr. Stephens needs further drug addiction treatment. If given an opportunity, he is eager to participate in RDAP treatment program through the Federal Bureau of Prisons.

Mr. Stephens has been incarcerated in Ada County Jail since April 12, 2024, without any incidents. On May 4, 2024, while incarcerated, Mr. Stephens intervened and summoned help to save the life of an inmate trying to commit suicide.

Procedural History

On April 9, 2024, Mr. Stephens was indicted in this matter, with count one charring Mr. Stephens with conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) and Section 846. In County Two, Mr. Stephens was indicted of distribution of 50 grams or more of a mixture and substance containing methamphetamine in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

On September 17, 2024, Mr. Stephens plead guilty to Count Two of the Indictment. Pursuant to the plea agreement, the Government agreed to dismiss Count One of the Indictment as to Mr. Stephens and recommend a sentence at the low end of the guidelines range.

Guideline Provisions

The sentence imposed needs to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also* 18 U.S.C. § 3553(a). The court shall impose a sentence sufficient, but not greater than necessary, to accomplish the purposes set forth above.

The Presentence Investigation Report calculates Mr. Stephens's total offense level of 21 and a criminal history category of III, which results in guidelines range of 46 to 57 months. However, the required minimum sentence is five years.

The 60-month sentence followed by a period of supervised release is sufficient but not greater than necessary to accomplish the purposes of sentencing. Mr. Stephens anticipates a

parole violation in Ada County Case No. CR-FE-2015-1276. The sentence in this case should be concurrent with any sentence in Case No. CR-FE-2015-1276. A recommendation of RDAP would be appropriate given Mr. Stephens's history of substance abuse. Mr. Stephens would like to be considered for placement in the Federal Correctional Institution in Butner, North Carolina, given that he has family in the area and believes that the facility has a large medical center that could accommodate his medical needs.

Dated this __4__ day of December, 2024.

_____
Dinko Hadzic, Attorney for Leandru Stephens

# CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on the __4__ day of December 2024, a true and correct copy of the within and foregoing instrument was served upon the following parties via the CM/ECF system as follows:

**Christian S. Nafzger**
Special Assistant United States Attorney
Office of the United States Attorney
Washington Group Plaza, IV
800 Park Blvd., Suite 600
Boise, Idaho 83712

**Email:** christian.nafzger@usdoj.gov

_____
L. Craig Atkinson
Dinko Hadzic